The Honorable Steve Harrelson State Representative 300 North State Line Avenue Texarkana, Arkansas 71854-5926
Dear Representative Harrelson:
I am writing in response to your request for an opinion on whether it is permissible for a person to serve as an alderman on a city council and still maintain a position as fire chief of the same municipality. You have asked, specifically:
 Does such an arrangement violate Article 4, § 2 of the Arkansas Constitution and does it matter that the position of fire chief is an unpaid position with the city's volunteer fire department?
RESPONSE
Please find enclosed a copy of an opinion issued by my immediate predecessor-Op. Att'y Gen. 2004-249 — which I believe fully addresses your questions, and with which I fully concur. This opinion discusses A.C.A. § 14-42-115, which expressly sanctions dual service by fire fighters, thereby superseding the common law principle of "incompatibility" which would otherwise prohibit dual service as a city alderman and fire chief of the same municipality. Op. Att'y Gen.2002-023 (opining that a fire chief who is paid a salary and a per-fire amount does not fall within the purposes of A.C.A. § 14-42-115).[1]
After noting several previous opinions, Opinion 2004-249 concludes: *Page 2 
 It is my opinion that in the situation you have described, the fire chief who is not highly compensated would, like other volunteer firefighters who are not highly compensated, fall within the provisions of A.C.A. § 14-42-115, and could, therefore, serve as an alderman. Such a fire chief would clearly fall within the intended scope of the statute, as reflected by the Act's emergency clause.
Op. Att'y Gen. 2004-249 at 3.
As you can see from this opinion, it does matter whether or not the position of fire chief is an unpaid position. As long as the fire chief is either unpaid or receives a "`small amount of pay' only when called upon to `render fire service duties[,]'" id. (quoting emergency clause to the act from which A.C.A. § 14-42-115 was codified), then it will be permissible for the chief to also serve as alderman.
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL, Attorney General
[1] The constitutional provision cited in your question — Ark. Const. art. 4, § 2 — embodies the so-called "separation of powers" doctrine.See also Ark. Const. art. 4, § 1. This constitutional doctrine prohibits the simultaneous exercise of power in the different departments ofstate government. Op. Att'y Gen. 2008-143 ("[T]he prohibitions on dual office holding found in the Arkansas Constitution at art. 19, § 6 and art. 4, § 2 . . . apply only to state offices."). Accord Op. Att'y Gen.94-220. It consequently does not bear on your question concerning dual service as city alderman and fire chief. *Page 1